In re John R. YOUNG, et al., Debtors.

The OREGON BANK, an Oregon corporation, Plaintiff-Appellee,

v.

John R. YOUNG, Donald E. Hallstead, Patricia E. Hallstead, William R. Jeanes, Patricia S. Jeanes, George R. Cason and Mildred G. Cason, Defendants-Appellants.

No. A86–066 Civ.
BAP No. AK–86–1067.

United States District Court,
D. Alaska.

Oct. 24, 1986.

Thomas J. Yerbich, Yerbich & Associates, Anchorage, Alaska, for plaintiff-appellee.

David W. Oesting and Richard J. Schroeder, Davis, Wright, Todd, Riese & Jones, Ralph E. Duerre, Burr, Pease & Kurtz, G. Nanette Thompson, Anchorage, Alaska, for defendants-appellants.

## ORDER

HOLLAND, District Judge.

This appeal has been taken from an order of the United States Bankruptcy Court for the District of Alaska that denied Appellants' motion for judgment on the pleadings in conjunction with Appellee's adequate protection proceedings under 11 U.S.C. § 361.

The facts relevant to this appeal are set forth in Appellants' opening brief and are not in dispute. Simply stated, Appellee is the holder of a judgment against Appellants which was originally rendered by the United States District Court for the District of Oregon. Appellee caused the judgment to be recorded on July 11, 1982, in the Kenai Recording District, Third Judicial District, State of Alaska. Prior to recording, the judgment had not been registered in the District of Alaska pursuant to 28 U.S.C. § 1963, nor had suit been brought on the judgment in the District of Alaska. Similarly, the Oregon judgment had not been made the subject of proceedings under either the Uniform Foreign Money Judgments Recognition Act (AS 09.30.-100–.180) nor the Uniform Enforcement of Foreign Judgments Act (AS 09.30.-200–.270).

The sole question presented by this appeal is: Was Appellee's judgment "recordable" in Alaska? Appellants contend that the recording of Appellee's judgment was ineffectual for the reason that the judgment was not entitled to be recorded under AS 09.30.010.

AS 09.30.010 provides in pertinent part:

A certified copy of the judgment or decree of a court of this state or a court of record of the United States upon which execution may issue, the enforce-

ment of which has not been stayed, may be recorded with the recorder of a recording district.

The key language in the foregoing statute is the phrase "upon which execution may issue".

Under the facts of this case, Appellee was not entitled to obtain a writ of execution from any court in the State of Alaska at the time its judgment was recorded for the reason that Appellee had not invoked the provisions of any of the above-referenced state or federal statutes pertaining to enforcement of foreign judgments in the State of Alaska. Appellee correctly points out, and Appellants concede, that the foreign judgment enforcement procedures are both non-exclusive and cumulative. Thus the only question now before the Court is whether or not the above-quoted statute should be read to require that execution in the State of Alaska must be available as a condition of recording a judgment.

The Court concludes that the bankruptcy judge properly concluded that execution in the State of Alaska need not be available as a condition to recording Appellee's judgment.

The language of AS 09.30.010 is plain and unambiguous. It simply requires that one have a judgment which he is presently entitled to enforce; and, being possessed of such a judgment, Appellee was entitled to record its judgment. The subject statute does not provide that judgments upon which execution may be issued *in this state* which have not been stayed may be recorded. It is sufficient if execution may be issued somewhere on Appellee's judgment. There being no contention that there was any bar to execution being issued in Oregon on the subject judgment, it was entitled to be recorded in Alaska.

Appellants have advanced no compelling reason for the Court to reach a different conclusion. The Court does not perceive any such reason. Indeed, there would appear to this Court to be a very substantial and material difference between the recording of a judgment so as to preserve the creditor's position vis-a-vis property of the judgment debtor and a writ of execution

which is the initial step in the process of dispossessing the judgment debtor of his property. The seriousness of the latter process justifies requiring compliance with one of the state or federal statutes pertaining to enforcement of foreign judgments. The less drastic but important process of preserving the judgment creditor's position vis-a-vis the judgment debtor's assets need not be attended by such formalities, and AS 09.30.010 does not require such.

The order of the bankruptcy court is affirmed.